# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

DAMIEN N. PATTILLO,

        Plaintiff,

vs.

JOSEPH LOMBARDO, et al.,

        Defendants.

Case No. 2:17-cv-01849-JAD-VCF

**REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed under 42 U.S.C. § 1983. Before the Court are Plaintiff Damien N. Pattillo's Application to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). Pattillo's Motion to Proceed *in forma pauperis* is granted. For the reasons stated below, Pattillo's Complaint should be dismissed without prejudice.

## I. BACKGROUND

This matter involves *pro se* Plaintiff Damien N. Pattillo's § 1983 action against Clark County Sheriff Joseph Lombardo, Prosecutors Genevieve Draggs and Kelsey Einhorn, Clark County Public Defender Robert O'Brien, and former Nevada District Judge Valorie Vega for allegedly violating Pattillo's constitutional rights. The instant action is based on a purportedly unconstitutional plea agreement entered in a state court proceeding. Pattillo alleges that a condition of the plea agreement included the following deceptive, vague, and ambiguous language that violated his due process rights: "O.R. release upon entry of plea and if defendant '*picks up or catches*' another case while out on O.R. release the D.A. retains the right to argue for 'habitual Criminal Status [at sentencing]." *See* ECF No. 1-1 at 7. After stipulating to that plea agreement, Pattillo was charged with some new crimes in a separate state court proceeding. For violating the plea agreement, the state district court adjudicated Pattillo a

1

habitual criminal and sentenced Pattillo to life in prison with the possibility of parole after 10 years. Pattillo alleges, however, that he was never found guilty on those new charges. Pattillo alleges that those charges were subsequently dropped or dismissed. Other allegations in the Complaint suggest that those new charges have "yet to be substantiated." *See* ECF No. 1-1 at 7 ("the D.A. could take me to trial the 10 to Life imposition is quite a length sentence to be imposed for a[n] allegation that has yet to be substantiated. I seek injunctive relief … until a conviction from guilt be determined."), 9 ("surely my 5th and 14th amendment right has been violated, if in fact I'm innocent until proven guilty."). The Court does not have specific information as to the current status of his underlying state court proceedings. The Court proceeds under the assumption that the new charges Pattillo refers to in his Complaint have been dismissed in their entirety.

Pattillo brings a § 1983 civil rights action against Robert O'Brien, the Public Defender who represented Pattillo, for, among other things, the ineffective assistance of counsel for allowing Pattillo to stipulate to a plea agreement that he alleges violated his due process rights. Pattillo also brings suit against Prosecutors Genevieve Draggs and Kelsey Einhorn, and Judge Valorie Vega for inflicting cruel and unusual punishment in violation of the Eighth Amendment for their role in approving the plea agreement which led to the imposition of the ten-years-to-life sentence.

In a separate incident, Pattillo is suing Clark County Sheriff Joseph Lombardo for violations of Pattillo's constitutional rights while Pattillo was incarcerated. Pattillo alleges that Clark County Jail Officers physically assaulted and then placed him in a small jail cell under humiliating and unsanitary conditions violating his constitutional rights. Pattillo seeks an award of damages from defendants and injunctive relief.

/ / /

/ / /

## II. DISCUSSION

Pattillo's filings present two questions for the Court: (1) whether Pattillo may proceed *in forma pauperis*; and (2) whether Pattillo's Complaint states a plausible claim for relief. Each is discussed below.

### A. Pattillo May Proceed *In Forma Pauperis*

Pattillo's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to § 1915(a)(1), Pattillo submitted a financial affidavit. *See* ECF No. 1. According to the affidavit, Pattillo is incarcerated. Pattillo's application to proceed *in forma pauperis* is granted.

### B. Whether Pattillo's Complaint Fails to State a Plausible Claim

Because the Court grants Pattillo's application to proceed *in forma pauperis*, it must review Pattillo's Complaint to determine whether the Complaint is frivolous, malicious, or fails to state a plausible claim. The Court begins with a brief review of the legal standard guiding its review.

#### a. Legal Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a Federal Court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Fed. R. Civ. P. 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing Court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Due to the prolixity and confusing nature of the Complaint, the Court will segregate the issues the Complaint raises based on each individual Defendant and the specific claims pertaining to each Defendant. Pattillo asserts a number of claims against various individuals involved in criminal proceedings against him in state court. The Court finds that Pattillo's Complaint fails to state a plausible claim for relief.

### b. Former Nevada District Judge Valorie Vega

"It is well settled that judges are generally immune from civil liability under section 1983." *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Id*. Pattillo alleges that Judge Valorie Vega violated his Eighth Amendment Right to be free from cruel and unusual punishment. Pattillo alleges that Judge Vega abused her discretion by conspiring with Prosecutors

to "maliciously … impose the cruelest and harshest and unusual punishment" for 10 years to life "even when they 'did' not have jurisdiction to habitualize [his] status due to a[n] unconstitutional plea agreement that gave the courts the ill advised right to argue for the Large Habitual in error and in violation of [Pattillo's] 5th, 6th and 14th Amendment Rights." *See* ECF No. 1-1 at 6-7. The sentencing decision is at its core a judicial act for which Judge Vega is entitled to absolute judicial immunity. *See Meek*, 183 F.3d at 965. Accordingly, Pattillo's claims for damages under 42 U.S.C. § 1983 against Judge Vega should be dismissed with prejudice for failure to state a claim.

### c. Prosecutors Genevieve Draggs and Kelsey Einhorn

Prosecutors have long been immune from liability based on their decision to initiate a prosecution. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). "This immunity covers the knowing use of false testimony at trial, the suppress of exculpatory evidence, and *malicious prosecution*." *See Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). (emphasis added). Pattillo alleges that Prosecutors Draggs and Einhorn violated his Eighth Amendment Right to be free from cruel and unusual punishment. *See* ECF No. 1-1 at 6-7. Pattillo alleges that Prosecutors Draggs and Einhorn conspired with Judge Vega to "maliciously … impose the cruelest and harshest and unusual punishment" for 10 years to life "even when they 'did' not have jurisdiction to habitualize my status due to a[n] unconstitutional plea agreement that gave the courts the ill advised right to argue for the Large Habitual in error and in violation of my 5th, 6th and 14th Amendment Rights." *Id*. All of Pattillo's allegations against Defendants Draggs and Einhorn concern their actions and arguments in the trial court. The behavior that Pattillo alleges falls squarely within the prosecutorial role and is covered by prosecutorial immunity. Consequently, all damage claims against Prosecutors Draggs and Einhorn should be dismissed without prejudice.

///

### d. Clark County Public Defender Robert O'Brien

Pattillo brings several claims against Robert O'Brien, the Public Defender who represented Pattillo in state court, for, among other things, allowing Pattillo to stipulate to the plea agreement that he alleges violated his due process rights, withholding evidence, giving bad legal advice, and failing to appeal violations of Pattillo's Due Process rights. *See* ECF No. 1-1 at 4-5, 8-18. Pattillo alleges facts that sound in a claim for ineffective assistance of counsel related to his appointed attorney in his criminal case. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 584-85 (9th Cir. 1995) (affirming dismissal of § 1983 claim against public defender for ineffective assistance of counsel; holding such claim necessarily implicated invalidity of conviction and thus was barred by *Heck*). A public defender representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of § 1983. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (citing *Polk County v. Dodson*, 454, U.S. 312 (1981)); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). The U.S. Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Polk County*, 454 U.S. at 321. As a result, Pattillo cannot state a § 1983 claim for damages against O'Brien based on the allegations set forth in the Complaint. And, as discussed below, such a claim is properly brought in a petition for writ of habeas corpus, following exhaustion of applicable state remedies. *See* 28 U.S.C. § 2254. Accordingly, this claim is improper under § 1983.

Section 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute … both provide access to the federal courts 'for claims of unconstitutional treatment at the hands

7

of state officials … [but] they differ in their scope and operation.'" *See Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486-87; *see also Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus. *See Heck*, 512 U.S. at 481-82; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *See Heck*, 512 U.S. at 487. When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488.

It is plain from Pattillo's allegations that his claims against O'Brien, Draggs, and Einhorn implicate the validity of his conviction. *See, e.g*., ECF No. 1-1 at 22 (seeking "injunctive relief on the 10-Life sentence."). That is, at their core, Pattillo's claims challenge "the legality or duration of his custody," raise "a constitutional challenge which could entitle him to an earlier release" such as ineffective

8

assistance of counsel, and "seek damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence." *See Heck*, 512 U.S. at 481-82. For example, Pattillo's claims for damages against O'Brien, which claims are based on a theory of ineffective assistance of counsel, are barred. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 584-85 (9th Cir. 1995) (affirming dismissal of § 1983 claim against public defender for ineffective assistance of counsel; holding such claim necessarily implicated invalidity of conviction and thus was barred by *Heck*). Were this Court to rule in Pattillo's favor on these claims, the decision would suggest that a state court conviction was improperly secured. Thus, even assuming that Pattillo states a proper claim for a Sixth or Fourteenth Amendment violation, *Heck* requires that Pattillo first demonstrate that his conviction has been overturned to proceed. As he has not done so, his sole relief at this juncture is a habeas corpus action. *See Andrews v. Superior Court of California*, No. 03-5750 MMC, 2004 WL 114972, at *3 (N.D. Cal. Jan. 20, 2004) ("A claim attacking the validity or duration of a sentence imposed by a state court must be brought in a petition for a writ of habeas section under 28 U.S.C. § 2254.").

Pattillo's claims for damages against O'Brien will be dismissed without prejudice. Because Pattillo is essentially attacking the validity and duration of his sentence, Pattillo must bring any claims for injunctive relief in a petition for a writ of habeas corpus.[1] Accordingly, this action is dismissed without prejudice to Pattillo pursuing any habeas claims in a habeas corpus action. If Pattillo chooses to file a habeas corpus petition, he may do so in a new action, with a new case number, on the court-approved forms, accompanied by either a completed application to proceed *in forma pauperis* or the filing fee.

///

///

---

[1] Any such claim may be filed in a Federal District Court only after the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b).

9

### e. Sheriff Joseph Lombardo

Pattillo brings suit against Clark County Sheriff Joseph Lombardo. *See* ECF No. 1-1 at 19. Pattillo alleges that while he was in custody Lombardo's "cronies assaulted me physically … while I have maliciously and unconstitutionally been deprived of my liberty." *Id*. at 3. In particular, Pattillo alleges that "Clark County Detention center jail officers" stormed his cell looking for drugs and snatched him from his top bunk resulting in him hitting the floor and landing on his head. *Id*. at 19. Pattillo alleges that the jail officers then placed him in a choke hold for a few seconds which he "was told by staff was a technique designed to prevent me from swallowing in case I did have drugs in my mouth." *Id*. Officers handcuffed Pattillo and took him to psyche housing unit. *Id*. Pattillo alleges that he was then placed in a "feces, snot and semen smeared cell," in freezing cold temperatures, "a lack of outdoor recreation, lack of cleanliness, poor ventilation, under extremely humiliating and repulsive unsanitary conditions." *Id*. Pattillo acknowledges that he was ultimately charged with possession of a controlled substance. *Id*. The Court construes Pattillo's allegations as alleging a claim for cruel and unusual punishment in violation of the Eighth Amendment for the jail officers use of excessive force and for disagreeable prison conditions.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a

particular situation. *Id*. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id*.; *see Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id*. at 9. The Eighth Amendment's prohibition on cruel and unusual punishments "necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10; *see Wilkins*, 559 U.S. at 37-38.

Based on the allegations in the Complaint, Pattillo has failed to state a claim for excessive force. The allegations in the Complaint show that the jail officers applied force in a good-faith effort to maintain or restore discipline. Jail officers raided and searched Pattillo's jail cell for drugs based on a tip they received. The Complaint does not allege that jail officers applied force maliciously or sadistically for the purpose of causing harm to Pattillo. Pattillo alleges that jail officers informed Pattillo that the reason they placed him in a chokehold was to "prevent [him] from swallowing in case [he] did have drugs in [his] mouth." Pattillo does not allege that he suffered significant injury. Although Pattillo argues that jail staff never found drugs on him, he acknowledges that he was charged with possession of a controlled substance. Pattillo has failed to state a claim of excessive force.

A claim for unconstitutional conditions of confinement requires proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with deliberate indifference to inmate health or safety. *Id*. In defining "deliberate indifference" in this context,

the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837 (emphasis added).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). This does not mean that Federal Courts can, or should, interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *See Bell*, 441 U.S. at 539 n. 21 (noting that a *de minimis* level of imposition does not rise to a constitutional violation). Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).

Pattillo does not allege that any individual acted with deliberate indifference. Rather, the allegations in the Complaint suggest that Pattillo was removed from his original jail cell and placed in a psyche housing unit as a result of jail staff finding and charging Pattillo for possession of a controlled substance. Pattillo does not allege the duration of his exposure to the conditions. *See Keenan*, 83 F.3d at 1089. The inference from the allegations in the Complaint is that such exposure, while not pleasant, was temporary. Although Pattillo may have been understandably inconvenienced, it does not rise to the level of an Eighth Amendment violation. Accordingly, Pattillo fails to state an Eighth Amendment claim.[2]

---

[2] Generally, a "[g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, supervisors may be held liable for the actions of their subordinates in

12

ACCORDINGLY,

IT IS ORDERED that Plaintiff Damien N. Pattillo's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Pattillo is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint. (ECF No. 1-1).

IT IS RECOMMENDED that Pattillo's claims for damages under 42 U.S.C. § 1983 against Judge Vega should be DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that all remaining claims should be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that the Clerk send to Pattillo a blank petition for writ of habeas corpus form with instructions, as well as the approved form for an Application to Proceed *in forma pauperis* by a prisoner, as well as the document "Information and Instructions for Filing a Motion to Proceed In Forma Pauperis." Pattillo's claims against Prosecutor Genevieve Draggs, Prosecutor Kelsey Einhorn, and Public Defender Robert O'Brien for damages and for injunctive relief in general pertaining

---

certain circumstances: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others." *See al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009) (citing *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)), *rev'd and remanded*, 563 U.S. 731 (2011). "[W]hen a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." *Starr*, 652 F.3d at 1207. To the extent Pattillo's Complaint seeks to hold Sheriff Lombardo liable under a supervisory liability theory, Pattillo has not adequately alleged facts against Sheriff Lombardo for purposes of supervisory liability. Pattillo's Complaint only addresses actions involving Sheriff Lombardo's "croonies," jail officers, and jail staff. Pattillo does not allege, for example, that Sheriff Lombardo was aware of unconstitutional conditions in his jails and failed to take action to ensure that policies were implemented to prevent the mistreatment of prisoners. Pattillo fails to allege that Lombardo was the final policy-maker for all jail policies and was ultimately responsible for deciding the appropriate departmental response to reports of misconduct. *See Fuller v. Cnty. of Orange*, 276 Fed. Appx. 675, 679 (9th Cir. 2008).

to the validity and duration of his sentence, are DISMISSED WITHOUT PREJUDICE to Pattillo pursuing any habeas claims in a habeas corpus action. Any such claims may be filed in a Federal District Court only after the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b). If Pattillo chooses to file a habeas corpus petition, he may do so in a new action, with a new case number, on the Court-approved forms, accompanied by either a completed application to proceed *in forma pauperis* or the filing fee. Pattillo may not file any further documents in this action related to these claims.

IT IS FURTHER RECOMMENDED that Pattillo be allowed to file an Amended Complaint with respect to his claims concerning Sheriff Joseph Lombardo that address the defects noted in this Report and Recommendation.

IT IS FURTHER RECOMMENDED that if the Court adopts this Report and Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER RECOMMENDED that if the Court adopts this Report and Recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see also Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 23rd day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE