UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Damien N. Pattillo,

    Plaintiff

v.

Joseph Lombardo, et al.,

    Defendants

Case No.: 2:17-cv-01849-JAD-VCF

**Order Adopting
Report & Recommendation**

[ECF Nos. 4, 6]

    Pro se prisoner plaintiff Damien Pattillo filed this civil rights action against Clark County Sheriff Joseph Lombardo, state prosecutors Genevieve Draggs and Kelsey Einhorn, Clark County Public Defender Robert O'Brien, and the state-court judge who presided over his criminal prosecution, Eighth Judicial District Judge Valerie Vega, alleging violations of his constitutional rights stemming from his plea agreement.[1] The magistrate judge screened his complaint and recommends: (1) that Pattillo's claims for damages under 42 U.S.C. § 1983 against Judge Vega be dismissed with prejudice because her sentencing-judge status makes her judicially immune from those claims; (2) that all other claims be dismissed without prejudice for failure to state a claim and because most of his claims need to be asserted through a new habeas corpus proceedings, not this civil-rights lawsuit; and (3) that Pattillo be given leave to amend his claims against Sheriff Lombardo if he has additional facts that support the claims he is attempting to assert.[2] Pattillo had until September 6, 2017, to object to the report and recommendation.

    Pattillo did not file objections. But he did send a letter to the Clerk of Court expressing his concerns that his complaint would soon be dismissed as inadequate. It appears that this letter

---

[1] ECF No. 5.

[2] ECF No. 4.

1

and the R&R crossed in the mail, so Pattillo had not seen the R&R before dispatching his letter.[3] In the letter, Pattillo explains that he "submitted the Civil Action without completely Doing [his] homework," and he hoped he could withdraw it without having his pauper application granted or being charged the filing fee.[4] He closes by saying that if it was too late, he would like to know the status of his case.[5]

Because Pattillo has not filed an objection to the R&R, I adopt it. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[6] Having reviewed the R&R, I find good cause to adopt it, and I do.

I also caution Pattillo that the court does not respond to letters filed by litigants. The rules of this court make it clear that any requests for relief must be made by motion, not by letter.[7] "All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties."[8] The court also does not respond to requests for case status. If something happens in a case, a copy of any filing will be served on all parties. When no information is being provided, it is typically because nothing is happening.

Nevertheless, I offer Pattillo this case update. By this order, I am dismissing all of his claims. His claims against Judge Vega are dismissed with prejudice because she enjoys absolute judicial immunity from those claims. His claims against the attorneys are dismissed without

---

[3] The R&R was mailed on 8/23/17, and it was returned as undelivered. It appears that the letter was dispatched on 8/27/17. *See* ECF No. 6 at 4. The court obtained a new address for Pattillo and resent the R&R. *See* minutes at 7.

[4] ECF No. 6.

[5] *Id.*

[6] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[7] *See* LR IA 7-1, LR 7-2.

[8] LR IA 7-1(b).

prejudice to his ability to raise those claims in a habeas proceeding; they are not the proper subject of a civil-rights action. And his claims against Sheriff Lombardo are dismissed without prejudice; if Pattillo has additional facts that cure the deficiencies that the magistrate judge identified in the R&R, then he can file an amended civil-rights complaint by March 16, 2018, to reassert those claims against Sheriff Lombardo only. If Pattillo does not file an amended complaint curing the deficiencies in the claims against Sheriff Lombardo by March 16, 2018, then this case will be closed.

If Pattillo does file an amended complaint, it will be screened. Pattillo is cautioned that this process will take several months. Pattillo is further cautioned that if he chooses to file an amended complaint, it must be complete in itself because an amended complaint supersedes and replaces the original complaint.[9] Plaintiff's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit (and he must not reassert the claims dismissed in this order without leave to amend). Plaintiff must also file the amended complaint on this court's approved prisoner civil-rights form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

Accordingly, IT IS HEREBY ORDERED THAT:

- The Report and Recommendation **[ECF No. 4] is ADOPTED** in full;
- All **claims against defendant Valerie Vega are DISMISSED** with prejudice based on absolute judicial immunity;
- All **claims against Genevieve Draggs, Kelsey Einhorn, and Robert O'Brien are DISMISSED** without prejudice to Pattillo's ability to raise those claims in a habeas corpus action after exhausting any state-court remedies. If Pattillo chooses to file a habeas corpus petition, he must do so in a new action, with a new case number, on the Court-approved forms, accompanied by either a completed application to proceed *in*

---

[9] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

*forma pauperis* or the filing fee. Pattillo may not file any further documents in this case related to his claims against Draggs, Einhorn, or O'Brien;

- All **claims against Sheriff Joseph Lombardo are DISMISSED** without prejudice and with leave to amend. If Pattillo can allege true facts to cure the deficiencies in those claims as identified by the magistrate judge in the R&R [ECF No. 4], **he has until March 16, 2018, to file an amended complaint**, using the court-provided form and following the instructions on page 3 above. If Pattillo does not file an amended complaint by March 16, 2018, this case will be closed without further prior notice;
- **The Clerk of Court is directed to SEND Pattillo:**
    1. A blank petition for writ of **habeas corpus form** with instructions;
    2. A blank **civil-rights complaint** form for prisoners; and
    3. The document "**Information and Instructions for Filing a Motion to Proceed in Forma Pauperis.**"
- If Pattillo files an amended complaint, **the Clerk of Court is DIRECTED to NOT issue summons on the Amended Complaint**; the Court will issue a screening order on the Amended Complaint and address the issuance of summon at that time, if appropriate.

Dated this 13th day of February, 2018.

_____
U.S. District Judge Jennifer A. Dorsey